UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                             Case No. 23-CR-210

KRONE NOLAN,

          Defendant.

## RECOMMENDATION AND ORDER

On June 15, 2023, Milwaukee Police Officers Zachary Szalacinski and Michael Witkowski were on patrol together in a marked squad when they saw a red Dodge Journey[1] leave a gas station at a high rate of speed. The car appeared to be speeding and the officers pulled in behind it. Once behind it they noticed that the driver's side brake light was covered in red duct tape and was not lighting up when the car stopped. They decided to stop the car but waited until they got out of a construction zone and there was room for the car to pull over to the side of the road.

After the officers activated the lights and sirens on the squad car, the Journey stopped and the officers approached the driver, whom they identified as the defendant,

---

[1] The government incorrectly refers to the vehicle as a Durango throughout its brief. (ECF No. 34.)

Krone Nolan. The officers saw and smelled suspected marijuana, which led to a search of the car and the recovery of the evidence that forms the basis for the two charges against Nolan. (ECF No. 1.)

Nolan moved to suppress the evidence because the officers did not have a lawful basis for the traffic stop. (ECF No. 20.) The facts above were adduced at an evidentiary hearing held before this court on April 10, 2024. Although the government in response to Nolan's motion presented dashcam video, an evidentiary hearing was necessary because the government did not establish a foundation for the court to consider the video evidence. The court also granted Nolan's request for an evidentiary hearing in case the government intended to argue that there was any other lawful basis for the stop.

On the day of the hearing, the government disclosed that there was additional video of the traffic stop that had not been turned over to the defense. That late disclosure required an adjournment to permit the defendant time to review the video. When the court was able to finally complete the hearing, the defendant requested post-hearing briefing. That briefing is now complete, and after roughly three months this motion is finally ready for resolution.

Nolan's basis for suppression has been a moving target. Initially Nolan argued that there was no violation of the law because Wisconsin law required the light to be functional only during hours of darkness. (ECF No. 20 at 3.) But that argument rested

2

on a conflation of "stop lamps," *see* Wis. Stat. § 340.01(63), and "tail lamps." *see* Wis. Stat. § 340.01(66). *Compare* Wis. Stat. § 347.13 *with* § 347.14.

In reply, Nolan abandoned that argument and instead argued that, even if one of his stop lamps was not operating, the vehicle still complied with Wisconsin law. (ECF No. 24 at 2.)

"No vehicle originally equipped at the time of manufacture and sale with 2 stop lamps shall be operated upon a highway unless both such lamps are in good working order." Wis. Stat. § 347.14(1). A "'[s]top lamp' means a device giving a steady warning light to the rear of a vehicle to indicate the intention of the operator of the vehicle to diminish speed or stop." Wis. Stat. § 340.01(63). "All stop lamp lenses shall be installed and maintained in proper condition and may not be covered or obscured by any object or material." Wis. Admin. Trans. § 305.15(4).

Moreover, "[t]he high-mounted stop lamp of every motor vehicle originally manufactured with a high-mounted stop lamp shall be maintained in proper working condition and may not be covered or obscured by any object or material." Wis. Admin. Trans. § 305.15(5)(a). A "[h]igh-mounted stop lamp" is "an *additional* lamp of a stop lamp system giving a brake-actuated, steady warning light to the rear of the vehicle intended to provide a signal to both the operator of the next following vehicle and through intervening vehicles to the operators of the other following vehicles." Wis. Admin. Trans. § 305.05(20) (emphasis added). Thus, a vehicle like a Dodge Journey that

was manufactured with a passenger side stop lamp, a driver side stop lamp, and an additional high mounted stop lamp must have all three unobstructed and functional.

This is consistent with the Wisconsin Supreme Court's holding in *State v. Brown*, 2014 WI 69, ¶42, 355 Wis. 2d 668, 850 N.W.2d 66. In *Brown*, police officers stopped a 1977 Buick Electra for having a taillight bulb out. On that vehicle, the rear passenger and driver's sides each have a cluster of lights with each cluster containing four bulbs. One bulb was a brake light; one was a reverse light; and two were taillights. *Id.*, ¶9. The court held that just because one of the two taillight *bulbs* in the driver's side cluster was burned out did not mean that the tail lamp unit as a whole was not "in good working order" as required under the statute. *Id.* ¶34. The job of the driver's side tail lamp could be accomplished with the one functional bulb in that cluster.

Finally, in his post-hearing brief, Nolan shifts to a third argument—his driver's side stop lamp was working after all. He presented two clips of dashcam footage. One is a loop of roughly one second of video showing the Journey stopping for a traffic light. (Ex. 11.) The second is a similarly brief and looped clip of the moment the officers signaled Nolan to stop. The video indicates that the clip is slowed down to three-quarters speed. (Ex. 10.) Watching each clip closely it is possible to detect a faint change in the driver's side stop light at the moment the passenger-side and high-mounted stop lamps illuminate. Thus, it appears that behind the tape there was a lamp that lit up when the brakes were applied.

But it is only by closely and repeatedly observing the change on the driver's side at the moment that the brakes are applied that it is possible to detect any illumination on the driver's side. The court watched the video that the government submitted in response to Nolan's motion many times and never detected any change in the driver's side stop lamp. In real time the officers had at least reasonable suspicion to stop the Journey for a non-functioning driver's side stop lamp.

Even if it could be found that the police officers should have been able to detect the subtle illumination of the driver's side stop lamp, they still would have had probable cause to stop the Journey. Wisconsin law requires that stop lamps not only be in good working order but that they be unobscured by any material. *See* Wis. Admin. Trans. § 305.15(4). "Obscure" means "lacking or inadequately supplied with light" or "not readily perceived." Meriam-Webster Unabridged Dictionary, https://unabridged.merriam-webster.com/unabridged/obscure. Other dictionaries provide similar definitions relating to limitations on the emanation of light. *See, e.g.,* Oxford English Dictionary; The American Heritage College Dictionary (3d ed.).

The tape made it exceptionally difficult to detect any light coming from the driver's side stop lamp. Thus, it obscured the lamp. Therefore, the officers had probable cause to conduct a traffic stop. *Whren v. United States*, 517 U.S. 806, 810 (1996) ("As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.").

5
Case 2:23-cr-00210-LA    Filed 05/10/24    Page 5 of 6    Document 35

Nolan does not otherwise challenge the search of the car. Therefore, the court will recommend that the motion to suppress be denied.

**IT IS THEREFORE RECOMMENDED** that Krone D. Nolan, Jr.'s motion to suppress (ECF No. 20) be **denied**.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Crim. P. 59(b)(2), any written objection to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation or prior to the Final Pretrial Conference, whichever is earlier. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 10th day of May, 2024.

WILLIAM E. DUFFIN
U.S. Magistrate Judge